United States District Court
District of Connecticut
FILED AT     BRIDGEPORT

February 1, 2016

Roberta D. Tabora, Clerk

By _____
Deputy Clerk

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

------------------------------------ x

U.S. GAMES SYSTEMS, INC.          :

          Plaintiff,          :          Case No. 3:15-CV-00025-SRU

     -against-          :

AGM AKTIENGESELLSCHAFT MULLER          :          **LETTER OF REQUEST FOR**
URANIA, KÖNIGSFURT-URANIA VERLAG          :          **INTERNATIONAL JUDICIAL**
GMBH, and CARTAMUNDI NV,          :          **ASSISTANCE PURSUANT TO THE**
                                   :          **HAGUE CONVENTION OF 18**
                                   :          **MARCH 1970 ON THE TAKING OF**
          Defendants.          :          **EVIDENCE ABROAD IN CIVIL OR**

------------------------------------ x          **COMMERCIAL MATTERS**

AGM AKTIENGESELLSCHAFT MULLER          :
URANIA,          :

       Counterclaim Plaintiff,          :

     -against-          :

U.S. GAMES SYSTEMS, INC., STUART R.          :
KAPLAN TRUST FUND, and STUART R.          :
KAPLAN as TRUSTEE of the STUART R.          :
KAPLAN TRUST FUND,          :
                                   :

      Counterclaim Defendants.          :

------------------------------------ x

     The United States District Court for the District of Connecticut presents its compliments

to the High Court of Justice, Queen's Bench Division and requests international judicial

assistance pursuant to the *Hague Convention of 18 March 1970 on the Taking of Evidence*

*Abroad in Civil or Commercial Matters* to obtain testimonial and documentary evidence from

The Random House Group Limited, a Penguin Random House Company, 20 Vauxhall Bridge

Road, London SW1V 2SA, England, U.K., to be used at trial in the above-captioned civil action

(the "Lawsuit").

{11166685:6}

<u>SECTION I</u>

**1. Sender**

The Honorable Stefan R. Underhill
United States District Judge
United States District Court for the District of Connecticut
915 Lafayette Boulevard – Suite 411
Bridgeport, Connecticut 06604
United States of America

**2. Central Authority of the Requested State**

The Senior Master
For the attention of the Foreign Process Section
Room E16
Royal Courts of Justice
Strand
LONDON WC2A 2LL, England, U.K.

**3. Person to whom the executed request is to be returned**

Mr. Stephen Silverman
OGR Stock Denton LLP
Winston House
349 Regents Park Road
London N3 1DH, England, U.K.
Tel. +44 (0)20 8349 5470
Fax +44 (0)20 8346 2000
SSilverman@ogrstockdenton.com

**4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

**Date:** As soon as reasonably practicable consistent with the Court's calendar.

## SECTION II

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5.

    **a. Requesting judicial authority (Article 3, a)**

        United States District Court for the District of Connecticut
        915 Lafayette Boulevard – Suite 411
        Bridgeport, Connecticut 06604
        United States of America

    **b. To the competent authority of (Article 3, a)**

        THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN
        IRELAND

    **c. Name of the case and any identifying number:**

        *U.S. Games Systems, Inc. v. AGM Aktiengesselschaft Muller Urania, et al.*,
        Case No. 3:15-CV-00025-SRU, United States District Court for the District of
        Connecticut.

6. **Names and addresses of the parties and their representatives (including representatives in the requested state) (Article 3, b)**

    **a. Plaintiff**

| Plaintiff / Counterclaim Defendant | Representatives |
|---|---|
| U.S. Games Systems, Inc. | Barbara J. Lipshutz, Esq. |
| 179 Ludlow Street | Jacobs & Burleigh LLP |
| Stamford, CT 06902 | 1290 Avenue of the Americas, 30th Fl |
| United States of America | New York, NY 10104 |
| | United States of America |
| | Tel: (212) 207-8787 |
| | Fax: (212) 207-8727 |
| | bjl@jacobsburleigh.com |
| | |
| | Carole R. Bernstein, Esq. |
| | Law Offices of Carole R. Bernstein |
| | 41 Maple Avenue North |
| | Westport, CT 06880 |
| | United States of America |
| | Tel: (203) 255-8698 |
| | Fax: (203) 259-4735 |
| | cbernsteinesq@gmail.com |

b. **Defendants**

Defendant/Counterclaim Plaintiff
AGM Aktiengesselschaft Muller
Urania
Bahnhofstraße 21
CH-8212 Neuhausen am Rheinfall
Switzerland

Representatives
Delton L. Vandever, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, NY 10019
United States of America
Tel:  (212) 237-1116
Fax: (212) 262-1215
dvandever@windelsmarx.com

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601
United States of America
Tel:  (203) 330-2240
Fax: (203) 576-8888
jtshearin@pullcom.com

Mr. Stephen Silverman
OGR Stock Denton LLP
Winston House
349 Regents Park Road
London N3 1DH, England, U.K.
Tel. +44 (0)20 8349 5470
Fax +44 (0)20 8346 2000
SSilverman@ogrstockdenton.com

Defendant
Königsfurt-Urania Verlag GmbH
Königsfurt 6, 24796
Krummwisch, Germany

Representatives
Delton L. Vandever, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, NY 10019
United States of America
Tel:  (212) 237-1116
Fax: (212) 262-1215
dvandever@windelsmarx.com

{11166685:6}                                        4

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601
United States of America
Tel:  (203) 330-2240
Fax: (203) 576-8888
jtshearin@pullcom.com

Mr. Stephen Silverman
OGR Stock Denton LLP
Winston House
349 Regents Park Road
London N3 1DH, England, U.K.
Tel. +44 (0)20 8349 5470
Fax +44 (0)20 8346 2000
SSilverman@ogrstockdenton.com

Defendant                           Representatives
Cartamundi NV                       Delton L. Vandever, Esq.
Visbeekstraat 22                    Windels Marx Lane & Mittendorf, LLP
Turnhout 2300                       156 West 56th Street
Belgium                             New York, NY 10019
                                    United States of America
                                    Tel:  (212) 237-1116
                                    Fax: (212) 262-1215
                                    dvandever@windelsmarx.com

                                    James T. Shearin, Esq.
                                    Pullman & Comley, LLC
                                    850 Main Street
                                    Bridgeport, CT 06601
                                    United States of America
                                    Tel:  (203) 330-2240
                                    Fax: (203) 576-8888
                                    jtshearin@pullcom.com

                                    Mr. Stephen Silverman
                                    OGR Stock Denton LLP
                                    Winston House
                                    349 Regents Park Road
                                    London N3 1DH, England, U.K.
                                    Tel. +44 (0)20 8349 5470
                                    Fax +44 (0)20 8346 2000
                                    SSilverman@ogrstockdenton.com

c.  **Other parties - Additional Counterclaim Defendants**

| Counterclaim Defendant | Representatives |
|---|---|
| Stuart R. Kaplan Trust Fund and Stuart R. Kaplan as Trustee of the Stuart R. Kaplan Trust Fund, 21 Verplank Avenue Stamford, CT 06902 United States of America | Barbara J. Lipshutz, Esq. Jacobs & Burleigh LLP 1290 Avenue of the Americas, 30th Fl New York, NY 10104 United States of America Tel:  (212) 207-8787 Fax: (212) 207-8727 bjl@jacobsburleigh.com |
| | Carole R. Bernstein, Esq. Law Offices of Carole R. Bernstein 41 Maple Avenue North Westport, CT 06880 United States of America Tel:  (203) 255-8698 Fax: (203) 259-4735 cbernsteinesq@gmail.com |

7.

a.  **Nature of the proceedings (Article 3, c)**

Civil lawsuit alleging breach of contract with respect to a copyright licensing agreement, an alleged trademark licensing agreement, and an alleged agreement to transfer trademarks.

b.  **Summary of complaint**

Plaintiff U.S. Games Systems, Inc. ("USGS") is a card and game publisher located in the United States.  Defendants are AGM Aktiengesselschaft Muller Urania ("AGM"), a Swiss publisher and former printer; Königsfurt-Urania Verlag GmbH ("Königisfurt"), a German publisher; and Cartamundi NV ("Cartamundi"), a Belgian printer and publisher.  Plaintiff alleges in its Amended Complaint that, "[a]part from the United States, where USGS owns a copyright in the images appearing on the Rider-Waite tarot cards, and the United Kingdom, USGS holds an exclusive license to the copyright in the images appearing on the face of the Rider-Waite tarot cards throughout the world."  (Am. Compl. ¶ 13.)  In the course of discovery, Plaintiff submitted

verified interrogatory answers stating that it obtained the exclusive license from Ebury Press/Century Hutchinson (Plaintiff and Additional Counterclaim Defendants' Objections and Responses to First Set of Interrogatories at Response Nos. 1 and 6), which are Random House entities.

Plaintiff also alleges in its Amended Complaint that "[o]n or about January 1, 1983 USGS and AGM entered into an agreement (the 'Copyright License') pursuant to which USGS granted AGM a non-exclusive license to manufacture, sell and distribute Rider-Waite tarot cards throughout the world except in North America." (Am. Compl. ¶ 15.) Plaintiff further alleges that "[t]he royalty statements provided by AGM and Königsfurt to USGS have not been complete or accurate, in that such statements fail to account for all decks or other materials sold by AGM using the Rider-Waite copyrighted images" (Am. Compl. ¶ 61) and that "AGM and Königsfurt willfully failed to pay royalties on the sales of the ISA Tarot cards and the Tarot-Karten as required under the Copyright License" (Am. Compl. ¶ 64). Plaintiff claims that defendants thereby breached the Copyright License (Am. Compl. Count I), committed fraud by non-disclosure (Am. Compl. Count II), and committed negligent misrepresentation by nondisclosure (Am. Compl. Count III).

### c.  Summary of defense and counterclaim

Defendants deny that they committed breach of contract, fraud by nondisclosure, or negligent misrepresentation by nondisclosure.  (Ans. to Am. Compl. ¶¶ 81-103.)  AGM and Königsfurt assert that they have not paid royalties on the sales of ISA Tarot and Tarot-Karten decks because those decks are outside the scope of the Copyright License.  (Ans. to Am. Compl. ¶¶ 63-64, 122.)  In this regard, defendants contend that the Copyright License applies, if at all, only to sales of a deck created in 1971 (the "1971 Deck") that was derived from preexisting tarot

card designs conceived by A.E. Waite and painted by Pamela Colman Smith that were first published in 1909 (the "1909 Deck") and are now in the public domain and does not encompass the 1909 Deck and all versions of the 1909 Deck as implied by plaintiff's allegations.

In addition, defendants contend that the Copyright License is unenforceable because the tarot card designs are in the public domain. (Ans. to Am. Compl. ¶ 121.)  Defendants also allege that, "[b]y its express terms, the royalty under the Copyright License is payable only if USGS is determined to be legally bound to pay the same royalty rate to its licensor" and, "upon information and belief, there has been no such legal determination."   (Ans. to Am. Compl. ¶ 126.)  Further, defendants counterclaim for a return of all amounts paid under the Copyright License if it is found to be invalid or unenforceable. (Ans. to Am. Compl. ¶¶ 153-156.)

### d.  Other necessary information or documents

The Random House Group Limited, the company sought to be examined and from which the specified documents will be sought, is a publisher in the U.K. and believed by defendants to be the specific Random House entity that claims to hold the copyright, alleged to be exclusively licensed to USGS, in the 1909 Deck through a chain of title deriving from A.E. Waite. Defendants originally sought to subpoena Penguin Random House LLC, a United States entity, but state that the Executive Vice President and General Counsel of Penguin Random House LLC, Katherine J. Trager, advised them that the U.S. company had no involvement or knowledge of the facts giving rise to the lawsuit and suggested to them that the information be sought from Random House in the U.K. via the Hague Convention. (See **Exhibit 1**, attached.)

Defendants further contend that Random House (or its agent) has had substantial communications with A.E. Waite or representatives or beneficiaries of his estate, including the U.K. Public Trustee, Sybil Waite, and J.D. Semken, with USGS, with AGM, and with others concerning the 1909 Deck or its images and the 1971 Deck. (See **Schedule C**, attached.)

Defendants state that, upon written request to Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, NY 10019, United States of America, Attn. Delton Vandever, they will provide to The Random House Group Limited or the Court at Defendants' cost a copy of such correspondence and agreements known to Defendants.

8.

### a. Evidence to be obtained or other judicial act to be performed (Article 3, d)

The evidence to be obtained is for use at trial of the Lawsuit, and consists of (*i*) oral testimony via one or more natural persons who are designated by The Random House Group Limited as having sufficient knowledge and being of suitable position to testify on its behalf as to all information known or reasonably available to The Random House Group Limited regarding the deposition topics set forth in **Schedule A**, attached, and (*ii*) documents from The Random House Group Limited responsive to the requests for specific documents set forth in **Schedule B**, attached.

### b. Purpose of the evidence or judicial act sought

The evidence to be obtained is for use at trial of the Lawsuit. Defendants state that they wish to use the evidence to be obtained from The Random House Group Limited to establish their defense at trial of this Lawsuit that Plaintiff is not entitled to the royalties it seeks under the Licensing Agreement on the grounds, among others, that Random House did not hold or transfer any valid copyright in the 1909 Deck to USGS, that the precondition was not met that USGS be determined to be legally obligated to pay the royalty under the Copyright License to Random House, and that the Copyright License encompasses only the 1971 Deck that was created by AGM in conjunction with Random House and USGS.

## SECTION III

9. **Identity and address of any person to be examined (Article 3, e)**

The Random House Group Limited, A Penguin Random House Company, 20 Vauxhall Bridge Road, London SW1V 2SA, England, U.K. shall designate one or more natural persons of sufficient knowledge and suitable position to testify on its behalf as to all information known or reasonably available to The Random House Group Limited regarding the topics for examination set forth in Schedule A, hereto. The individual witness or witnesses designated by The Random House Group Limited shall have direct knowledge of the facts on which testimony is sought, or knowledge obtained through inquiry of those having direct knowledge and of related documents.

10. **Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f)**

    <u>See</u> **Schedule A**, attached.

11. **Documents and related property to be inspected and copied (Article 3, g)**

    <u>See</u> **Schedule B**, attached.

    The documents and other related property necessary to understand the contents of the documents and fulfill the obligations of answering the questions set forth in Schedule A, hereto, insofar as they remain in the power, custody, or control of The Random House Group, Limited, are to be produced for inspection and copying at Defendants' cost and for use in the Lawsuit by:

    The Random House Group Limited
    A Penguin Random House Company
    20 Vauxhall Bridge Road
    London SW1V 2SA, England, U.K.

12. **Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h)**

    It is requested that the testimony be taken on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of the United States. In the event that the evidence cannot be taken in the manner requested, it is to be taken in such manner as provided by local law for the formal taking of evidence.

13. **Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, i and 9)**

The examination shall be taken under the Federal Rules of Civil Procedure for the United States District Courts, except to the extent such procedure is incompatible with the internal laws of England and Wales  The testimony shall be given orally and is subject to cross-examination and re-direct examination. The testimony shall be transcribed verbatim and shall be recorded by audiovisual means. In the event that the evidence cannot be taken in the manner requested, it is to be taken in such manner as provided by local law for the formal taking of evidence.   Documents shall be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the requests set forth in Schedule B, attached hereto. Electronically stored information shall be produced in a reasonably usable form.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

Please notify the following persons of the time and place for the execution of the Request:

Mr. Stephen Silverman
OGR Stock Denton LLP
Winston House
349 Regents Park Road
London N3 1DH, England, U.K.
Tel. +44 (0)20 8349 5470
Fax +44 (0)20 8346 2000
SSilverman@ogrstockdenton.com

Delton L. Vandever, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, NY 10019
United States of America
Tel: (212) 237-1116
Fax: (212) 262-1215
dvandever@windelsmarx.com

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601
United States of America
Tel: (203) 330-2240
Fax: (203) 576-8888
jtshearin@pullcom.com

Barbara J. Lipshutz, Esq.
Jacobs & Burleigh LLP
1290 Avenue of the Americas, 30th Fl.
New York, NY 10104
United States of America
Tel: (212) 207-8787
Fax: (212) 207-8727
bjl@jacobsburleigh.com

Carole R. Bernstein, Esq.
Law Offices of Carole R. Bernstein
41 Maple Avenue North
Westport, CT 06880
United States of America
Tel: (203) 255-8698
Fax: (203) 259-4735
cbernsteinesq@gmail.com

The Random House Group Limited,
A Penguin Random House Company
20 Vauxhall Bridge Road
London SW1V 2SA, England, U.K.
Attn: Office of General Counsel

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

No attendance of judicial personnel is requested. Under the Federal Rules of Civil Procedure for the United States District Courts, depositions may be taken and documents may be requested and produced without involvement of judicial personnel.

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b)**

The privilege or duty of the witness to refuse to give evidence shall be the same as if they were producing documents or testifying under the applicable provisions of the Federal Rules of Civil Procedure for the United States District Courts, including if giving such evidence would disclose a privileged attorney-client communication or would require production of tangible things that were prepared in anticipation of litigation or for trial by the person or its representative.

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by

Defendants.

DATED:   January 29 , 2016

By:   /s/ Stefan R. Underhill
HON. STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

## SCHEDULE A
### (Statement Of The Subject Matter Upon Which Witness To Be Examined)

Defendants shall depose in person The Random House Group Limited via one or more natural persons who are designated by The Random House Group Limited as having sufficient knowledge and being of suitable position to testify on its behalf as to all information known or reasonably available to The Random House Group Limited regarding the following deposition topics:

1. Each basis for the contention by Random House that A.E. Waite commissioned the 1909 Deck or its images from Pamela Colman Smith.

2. Each basis for the contention by Random House that A.E. Waite held or had sufficient rights, interests, or title in the copyright in the 1909 Deck or its images as of the date of his death.

3. Random House's knowledge concerning the creation and authorship of the 1909 Deck or its images, and the basis of its knowledge.

4. The claims by Random House that it acquired copyright interests in the 1909 Deck or its images from A.E. Waite or representatives or beneficiaries of Mr. Waite's estate, including the nature, basis, and duration of each such copyright interest claimed to have been acquired.

5. Random House's publications or republications of the 1909 Deck or its images.

6. The claimed licenses or other agreements between Random House and A.E. Waite or any representative or beneficiary of Mr. Waite's estate concerning a copyright interest in the 1909 Deck or its images.

7. The claimed licenses or other agreements between Random House and USGS concerning a copyright interest in the 1909 Deck or its images.

8. Random House's contended chain of title of the copyright in the 1909 Deck or its images.

9. Royalty reporting and payments received by Random House from USGS concerning AGM sales of the so-called "Rider Waite Tarot Deck."

10. Communications between Random House (or its agent) and A.E. Waite or any representative or beneficiary of his estate concerning copyright interests in the 1909 Deck or its images or the 1971 Deck.

11. Communications between Random House (or its agent) and USGS (or its agent) concerning copyright interests in the 1909 Deck or its images or concerning the 1971 Deck.

12. Communications between Random House (or its agent) and AGM (or its agent) concerning copyright interests in the 1909 Deck or its images or concerning the 1971 Deck.

13. Random House's knowledge concerning the creation and publishing of the 1971 Deck.

**SCHEDULE B**
**(List Of Documents To Be Inspected And Copied)**

The Random House Group Limited shall produce for inspection and copying at Defendants' cost and for use in the Lawsuit the following documents and other related property insofar as they remain in the power, custody, or control of The Random House Group Limited:

1. The documents supporting Random House's contention that A.E. Waite commissioned the 1909 Deck or its images from Pamela Colman Smith.

2. The documents supporting Random House's contention that A.E. Waite owned a copyright interest in the 1909 Deck at the time of his death.

3. Each license and agreement between Random House and A.E. Waite or any representative or beneficiary of his estate that assigns, transfers, or licenses a copyright interest in the 1909 Deck to Random House, and that was in effect at any time during the period from January 1, 1971 to the present.

4. Each license and agreement between Random House and USGS that assigns, transfers, or licenses a copyright interest in the 1909 Deck to USGS, and that was in effect at any time during the period from January 1, 1971 to the present.

5. The documents supporting Random House's contention that it acquired copyright interests in the 1909 Deck or its images from A.E. Waite or representatives or beneficiaries of his estate.

6. Each document purporting to set forth a chain of title of the copyright in the 1909 Deck.

7. The royalty statements received by Random House from USGS concerning AGM sales of the so-called "Rider-Waite Tarot Deck" for any period from January 1, 1983 to the present.

8. The correspondence between Random House (or its agent) and USGS (or its agent) concerning copyright interests in the 1909 Deck or its images or concerning the 1971 Deck from January 1, 1971 to the present.

9. The correspondence between Random House (or its agent) and A.E Waite or representatives or beneficiaries of his estate concerning copyright interests in the 1909 Deck or its images or concerning the 1971 Deck.

10. The correspondence between Random House (or its agent) and AGM (or its agent) concerning copyright interests in the 1909 Deck or its images or concerning the 1971 Deck.

## SCHEDULE C

### (List Of Random House Correspondence And Agreements)

Upon written request to Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, NY 10019, United States of America, Attn. Delton Vandever, Defendants will provide to The Random House Group Limited or the Court at Defendants' cost a copy of the following Random House correspondence and agreements known to Defendants:

1.  1970s Correspondence:  (a) letters or telexes from Stuart Kaplan of USGS to John Robinson of Random House dated January 13 and 21, 1971; April 7 and 13, 1971; June 3, 1971; July 30, 1971; August 3, 6, 18, and 23, 1971; September 30, 1971; December 14 and 23, 1971; April 27, 1972; August 10, 1972; December 4, 1972; January 29, 1973; March 21, 1973; April 3, 1973; June 5, 1973; October 2, 1973; November 6, 1973; January 21, 1974; February 20, 1974; March 15, 1974; May 8, 1974; August 1, 1974; September 5, 1974; November 21, 1974; and January 29, 1975; (b) letters or telexes from John Robinson of Random House to Stuart Kaplan of USGS dated March 16, 1971; April 1 and 6, 1971; June 7 and 17, 1971; July 29, 1971; September 6, 1971; January 5, 1972; February 4, 10, and 28, 1972; April 5 and 24 1972; August 1, 1972; December 11, 1972; May 22, 1973; October 11, 1973; November 12, 1973; December 4, 1973; January 25, 1974; September 13, 1974; October 17, 1974; and January 20, 1975; (c) letter from John Robinson of Random House to Sybil Waite dated April 7, 1971; (d) letters from Sybil Waite to John Robinson of Random House dated April 20, 1971 and September 23, 1971; (e) letters from John Robinson of Random House to Edwin Nigg of AGM dated September 6, 1971 and August 31, 1973; and (f) letter from Grahame Griffiths of Random House to Stuart Kaplan of USGS dated March 29, 1978.

2.  A memorandum of agreement between the U.K. Public Trustee and Rider & Co. dated April 16, 1973.

3.  1980s Correspondence:  (a) letters from Susanna Yager, Brian Perman, and / or Oliver Caldecott of Random House dated December 11, 1980; January 14, 26, and 27, 1981; December 18 and 19, 1986; and September 23, 1987; (b) letters from Stuart Kaplan of USGS dated December 11, 1980; December 18, 1980; September 8, 1982; and (c) letters from Defendants dated January 7, 1981.

4.  1990s and 2000 Correspondence:  (a) letters or faxes from Tessa Strickland, Robert Gwyn Palmer, or Julian Shuckburgh of Random House dated July 10, 1990; October 24, 1990; April 30, 1991; October 25, 1991; October 31, 1991; February 3, 1992; March 18, 1992; April 9, 1992; April 22, 1993; October 9, 1997; May 7, 1999; and June 21, 2000; (b) letters or faxes from Stuart Kaplan dated July 17, 1990; September 24, 1990; February 28, 1991; October 25, 1991; October 28, 1991; January 14, 1992; February 5, 1992; March 9, 1992; April 9, 1992; January 26, 1993; April 23, 1993; May 10, 1993; and May 24, 1993; (c) letters or faxes from Arthur Jacobs dated April 16, 1992; May 12, 1992; May 14, 1992; May 22, 1992; and June 19, 1992; (d) letters or faxes from Denton Hall Burgin & Warrens dated February 21, 1992; March 17 and 31, 1992; April 28, 1992; May 15, 1992; June 10, 1992; and July 3, 1992; (e) letters from Fred Weber of AGM dated March 4, 1992; April 7, 1992;

and May 12, 1992; and (f) a letter from Clifford Chance on behalf of Carlton Books dated September 30, 1997.

5. A memorandum of understanding between Ebury Press and USGS signed on May 24, 1993.

6. 2003 and 2004 Correspondence: (a) letters, faxes, or e-mails from Stuart Kaplan or Bobbie Bensaid of U.S. Games dated March 5, 2003; May 12, 2003; June 9 and 10, 2003; November 26, 2003; February 19, 2004; and March 11 and 26, 2004; (b) letters, faxes, or e-mails from Michelle Bruchez of Random House or Simons Muirhead & Burton as counsel for Random House dated March 11 and 17, 2003; April 15, 2003; May 9 and 28, 2003; June 9, 10, 12, and 17, 2003; and October 7, 14 and 21, 2003; (c) letter from J. D. Semken dated May 31, 2003; (d) letters from Jacobacci & Associati as counsel for Lo Scarabeo dated June 27, 2003; October 15, 2003; and March 26, 2004; and (e) email from Max Ruegg of AGM dated December 12, 2003.

7. 2011 Correspondence: (a) letter from Vanessa Milton of Random House dated October 26, 2011; and (b) letter from Jacobacci as counsel for Lo Scarabeo dated November 2, 2011.

8. An agenda and notes regarding a meeting or meetings between or amongst Random House and USGS in or about January 1992 concerning the 1909 Deck.

<u>**EXHIBIT 1**</u>

{11170662:1}


Penguin
Random
House

November 10, 2015

<u>By Email and Hand Delivery</u>
Delton Vandever, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street, 22nd Flr.
New York, New York 10019

      Re:    U.S. Games Systems, Inc. v. AGM Aktiengesselschaft
                Muller Urania, et al.
                <u>Civil Action No. 3:15-CV-00025-SRU</u>

Dear Mr. Vandever:

      In connection with the subpoena to testify recently served upon Penguin
Random House LLC, this is to confirm our prior phone conversation and request
that you withdraw the subpoena. As I explained to you, Penguin Random House
LLC and Penguin Random House Ltd are two separate, independent companies.
Penguin Random House LLC ("LLC") is incorporated in Delaware, has its
principal place of business in New York and is owned 53% by Bertelsmann and
47% by Pearson. Penguin Random House Ltd ("Ltd") is a company incorporated
under the laws of England and has its principal place of business in
England.  While Ltd is also owned by Bertelsmann and Pearson, in the same
percentages, the officers and management of the two companies are completely
different, with the exception of Markus Dohle, who is the CEO of both
companies. (Mr. Dohle has no knowledge of the facts underlying this dispute, and
could not testify with any knowledge at a deposition in this case.)

      The two companies conduct their day to day business operations
completely separately, do not control each other's day to day activities, or have
access to each other's documents in the ordinary course of business.  Under
similar facts, the courts have quashed subpoenas for documents and testimony. In
*Linde v. Arab Bank*, 262 F.R.D. 136 (EDNY 2009), for example, the Court found
that the plaintiff's subpoena to the defendant's U.S. affiliate failed because,
despite common ownership, the two entities observed corporate formalities and
the parent company did not control the marketing and operational policies of the
subsidiary nor have access to its documents in the ordinary course of business.
Here, you are not even talking about a parent-subsidiary relationship, but rather an
affiliate relationship, and neither company controls the activities of the

Katherine J. Trager                1745 Broadway, New York, New York 10019
Executive Vice President, General Counsel    P 212 782 8737  F 212 782 8499
Penguin Random House LLC              ktrager@penguinrandomhouse.com

other.   *See also In re Vivendi Universal S.A. Sec. Litig.*, 2009 WL 8588405
(SDNY 2009), (ruling that plaintiffs failed to meet their burden of showing that
U.S. entity had practical ability to obtain documents from foreign affiliate).

Here, LLC has no involvement in or knowledge of the facts giving rise to
the above-captioned litigation. For these reasons, your subpoena is not
enforceable. Accordingly, I would suggest that if you want to obtain the testimony
of an officer of Ltd that you proceed according to the rules of the Hague
Convention.

Sincerely,

Katherine J. Trager

2